# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 10-207** |
| v. | * | **SECTION: "S"** |
| **ROLAND J. BOURGEOIS, JR.** | * | |

\* \* \*

## FACTUAL BASIS

The United States and defendant ROLAND J. BOURGEOIS, JR. ("BOURGEOIS") stipulate and agree that the below facts are true, and further stipulate that such facts provide a sufficient factual basis for his plea of guilty to Count 1 and Count 2 of the Superseding Bill of Information's charges of Interference with Rights, in violation of 18 U.S.C. § 245(b)(2)(B), and Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c).

Between August 29, 2005 and September 1, 2005, in the aftermath of Hurricane Katrina, Defendant BOURGEOIS was residing in the Algiers Point neighborhood, in the Eastern District of Louisiana. Defendant BOURGEOIS and other white male residents of Algiers Point claimed that "niggers" were "tearing up the city." Defendant BOURGEOIS and other white male residents of Algiers Point agreed that they would use force to protect their neighborhood from "outsiders," including African Americans, who did not live in Algiers Point. They further discussed shooting "niggers" who were "doing anything" in Algiers Point. Defendant BOURGEOIS and other white male residents of Algiers Point moved fallen trees to barricade the streets near their homes on Vallette Street. BOURGEOIS and other white male residents of

AUSA _DH_
Defendant _RJB_
Defense Counsel _WM_

Algiers Point collected guns and patrolled the streets. Defendant BOURGEOIS began carrying a shotgun and provided his fifteen-year-old son with a handgun.

On or about September 1, 2005, D.H., M.A., and C.C., all of whom are African-American men, walked into Algiers Point in an effort to reach the ferry landing, a site that state and federal agencies were using as an evacuation point. D.H., M.A., and C.C. were using public streets in Algiers Point.

When the three African-American men crossed a barricade that Defendant BOURGEOIS and others had constructed near the intersection of Pelican Avenue and Vallette Street, Defendant BOURGEOIS opened fire with a shotgun. Defendant BOURGEOIS fired again as the men fled from the intersection. At no point were the African-American men armed, looting, or otherwise posing a threat to Defendant BOURGEOIS or to any other person or property.

All three African-American men were wounded. D.H. sustained the most serious injuries, getting struck in his neck and back. C.C. and M.A. were struck in the arms, back, and legs.

After shooting at the three men, Defendant BOURGEOIS boasted that he had "got one" and pledged to "kill that nigger" if he had survived the initial shooting. BOURGEOIS warned a neighbor: "Anything coming up this street darker than a brown paper bag is getting shot."

Following the shooting incident, Defendant BOURGEOIS displayed to others a baseball cap, which appeared to have blood on it, which had fallen from the head of D.H.

AUSA _DMC_
Defendant _RJB_
Defense Counsel _JW_

Defendant BOURGEOIS carried, possessed, and used a firearm, namely, a shotgun, to shoot D.H., M.A., and C.C., because of their race, and because they were using public streets.

_____  10-17-18
DAVID HOWARD SINKMAN           Date
Assistant United States Attorney
JARED FISHMAN
Special Litigation Counsel, Civil Rights Division
MARY J. HAHN
Trial Attorney, Civil Rights Division

_____  10-17-18
VALERIE JUSSELIN               Date
GARY SCHWABE
Counsel for Defendant Roland Bourgeois

_____  10-17-18
ROLAND J. BOURGEOIS, JR.       Date
Defendant