UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO:  10-207

ROLAND J. BOURGEOIS, JR.                     SECTION: "S" (2)


### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss** (Rec. Doc. 244) is **DENIED**.

### BACKGROUND

On October 17, 2018, defendant Roland J. Bourgeois, Jr. pled guilty to a two-count Superseding Bill of Information. Under the terms of the plea agreement, the "Government and the defendant agree[d], pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that his sentence will be at least sixty (60) months of imprisonment, but not to exceed one hundred twenty (120) months of imprisonment." In addition, "the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily: . . . [w]aive[d] and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed . . ." The waiver contained two exceptions, a direct appeal of a sentence in excess of the statutory maximum, and a claim of ineffective assistance of counsel "in an appropriate proceeding." Rec. Doc. 224.

At the October 17, 2018 re-arraignment, Bourgeois did not object to the terms of the plea agreement or the factual basis. On February 14, 2019, this court sentenced Bourgeois to 120

months of imprisonment, within the sentencing range agreed to by Bourgeois and his counsel. The court issued a Minute Entry following the hearing, which stated: "Defendant sentenced as to counts 1 & 2 of the Superseding Bill of Information . . . See Judgment and Commitment Order." However, the final Judgment and Commitment Order had not been entered when the defendant died five days later on February 19, 2019.

In the present motion, defense counsel argues that because the defendant died prior to entry of final judgment, all prosecution proceedings are abated *ab initio*. The government opposes, contending that the abatement doctrine is inapplicable because at the time of his death, Bourgeois had pled guilty, waived his right to appeal, and did not appeal his conviction.

## APPLICABLE LAW

Under the abatement doctrine, "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." Durham vs. United States, 401 U.S. 481, 483 (1971) (per curiam);[1] see also United States v. Pauline, 625 F.2d 684, 685 (5th Cir. 1980). Historically, two rationales have been advanced for the abatement doctrine, which is a judge-made creature of the common law: the finality (or appellate rights) rationale, and the punishment rationale. The more modern finality/appellate rights rationale is based on the principle that abatement protects the appellate right, and reflects

---

[1] In Dove v. United States, the Supreme Court overruled Durham in part in three sentences, opining that "[t]he Court is advised that the petitioner died at New Bern, N.C., on November 14, 1975. The petition for certiorari is therefore dismissed. To the extent that Durham v. United States, 401 U.S. 481 (1971), may be inconsistent with this ruling, Durham is overruled." 96 S. Ct. 579. Subsequently, the Fifth Circuit joined others in holding that Dove applies only to petitioners for certiorari, not to appeals of right. Pauline, 625 F.2d at 685.

the fact that if a conviction has not been tested, and due to the defendant's death cannot be tested by an appeal, it is not truly final, and it would be unjust to allow the conviction to stand.  United States v. Parsons, 367 F.3d 409, 413 (5th Cir. 2004)(en banc). The older punishment rationale is based upon the notion that the purpose of criminal proceedings is penal, and death ends any possibility of punishing the accused, making further action by the court superfluous and moot. Id. (citing United States v. Asset, 990 F.2d 208 (5th Cir.1993) and United States v. Mmahat, 106 F.3d 89 (5th Cir.1997)).Thus, historically, abatement of the conviction and appeal was required because the reason for the conviction – punishment – was completely frustrated by the defendant's death. Patrick H. Gallagher, The Aaron Hernandez Case: The Inconsistencies Plaguing the Application of the Abatement Doctrine, 53 GONZ. L. REV. 263, 271 (2018)(citing O'Sullivan v. People, 32 N.E. 192 (Ill. 1892) (per curiam). As well, traditional "abatement did not speak to the question of the defendant's guilt; it served instead to recognize the court's limitations. As a consequence, traditional abatement had no exonerative, guilt-removing consequences." Alexander F. Mindlin, "Abatement Means What It Says": The Quiet Recasting of Abatement, 67 N.Y.U. ANN. SURV. AM. L. 195, 208 (2011).

Whatever the merits of the punishment rationale, the Fifth Circuit has explicitly rejected it in favor of the finality/appellate rationale, stating "we adopt the finality rationale," and "[t]he primary justification for the abatement doctrine arguably is that it prevents a wrongly-accused defendant from standing convicted. The Supreme Court and other circuits have recognized this justification for abatement. We now adopt it as the primary reason behind abatement and, by so

doing, we reject Asset's and Mmahat's descriptions of the punishment justification."[2] Parsons,

367 F.3d at 414, 415 (5th Cir. 2004).

## DISCUSSION

Applying these precedents, Bourgeois' indictment and conviction should not be abated.

"[D]eath **pending direct review** of a criminal conviction abates not only the appeal but also all

proceedings had in the prosecution from its inception." Durham, 401 U.S. at 483 (emphasis

added). At the time of Bourgeois' death, no direct review was pending, nor could it have been,

because in his plea agreement, Bourgeois waived his right to appeal or contest his guilty plea,

conviction, sentence, fine, supervised release, and any restitution imposed. While it is true, as

defense counsel argues, that the delay for filing an appeal had not begun to run, that is

immaterial in the present case, because under the terms of the plea agreement, Bourgeois could

not have brought an appeal.[3] Moreover, all evidence (e.g., colloquy at the re-arraignment and

sentencing) reflects that he did not intend to appeal, and the limited exceptions to his waiver – in

---

[2] Asset and Mmamht considered whether a restitution order was abated by the defendant's death, drawing a distinction between restitution orders that were penal in nature versus those that were compensatory in nature, and held that compensatory restitution orders did not abate. That rule was abrogated by Parsons, which held that "regardless of its purpose, [a] restitution order cannot stand in the wake of [defendant's] death. Because he now is deemed never to have been convicted or even charged, the order of restitution abates *ab initio*." 367 F.3d at 409.

[3] The court is cognizant of the language in Asset approving abatement in the situation where a defendant dies prior to entry of judgment rather than while an appeal is pending. 990 F.2d at 211. However, in addition to the fact that the reasoning in Asset was premised not on the appellate rationale for abatement but on the penal rationale, which the Fifth Circuit explicitly rejected in Parsons, it is distinguishable from the present case in at least two respects: first, Asset died prior to sentencing; and second (and importantly), the plea agreement in Asset, does not contain a waiver of appeal rights.

4

the event of the court's imposition of a sentence in excess of the statutory maximum, or for ineffective assistance of counsel – are inapplicable in this case.

As emphasized by the Fifth Circuit in <u>Parsons</u>, the "primary justification for the abatement doctrine arguably is that it prevents a wrongly-accused defendant from standing convicted." 367 F.3d at 415. In the present case, there is no question of a wrongly convicted individual standing convicted. Bourgeois admitted, under oath, that when three African-American men walked through Algiers in an attempt to reach the ferry landing in the aftermath of Hurricane Katrina, Bourgeois opened fire on them with a shotgun, wounding all three. After shooting the men, Bourgeois boasted that he had "got one" and pledged to "kill that nigger" if he survived the initial shooting, and told his neighbor that "[a]nything coming up this street darker than a brown paper bag is getting shot." Following the shooting, Bourgeois displayed to others a bloody baseball cap as a trophy. Rec. Doc. 225 at 2. This admission, taken from the factual basis for the plea which Bourgeois signed and swore to the accuracy of under oath, was part of a knowing and voluntary plea. Bourgeois unequivocally admitted that he committed the crime charged against him. Thus, there is no possibility that in failing to abate Bourgeois' conviction, a wrongfully convicted man would stand convicted.

The Second Circuit case, <u>United States vs. Brooks</u>, 872 F.3d 78, 88 (2d Cir. 2017), is instructive. In <u>Brooks</u>, the defendant had been convicted by a jury on some charges and had pled guilty to other charges (for tax evasion).The court found that abatement applied only to those charges for which defendant Brooks had been convicted by a jury, and which he appealed. The court found that the tax evasion counts did not abate, because as to those counts, Brooks had

pled guilty, waived his right to appeal, and had not appealed. Id. at 88. Similarly, in the instant case,  Bourgeois pled guilty, waived his right to appeal, and could not have appealed. Thus, as in Brooks, abatement does not apply to the charges for which Bourgeois waived his appellate rights.

### CONCLUSION

The abatement doctrine, motivated by concerns regarding finality, applies in cases in which a defendant dies while his appeal is pending. It is inapplicable in the present case, in which no appeal was pending, nor could it have been, due to the defendant's comprehensive, sworn admission of guilt, and valid waiver of appellate rights. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss** (Rec. Doc. 244) is **DENIED**.

New Orleans, Louisiana, this __19th__ day of June, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**